UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM B. BALL,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES MARSHAL SERVICE, *et al.*,<br><br>    Defendants. | Civil Action No. 19-1230 (JEB) |

## MEMORANDUM OPINION

*Pro se* Plaintiff William B. Ball alleges that he submitted a Freedom of Information Act and Privacy Act request to numerous law-enforcement agencies, and he brought this suit to enforce that request. Two government entities now move to dismiss or for summary judgment on the ground that they never received his request. As Plaintiff concedes as to one and the Court agrees as to the other, it will grant the Motion.

**I.    Background**

Ball is a federal prisoner who has brought this action against the U.S. Marshal Service, the Department of Homeland Security, the U.S. Secret Service, the Federal Bureau of Investigation, and the Office of Intelligence and Analysis. See ECF No. 1 (Complaint). He invokes the Administrative Procedure Act, FOIA, and the Privacy Act in seeking to enforce his request to the aforementioned entities for the following documents:

> 1) Arrest reports; 2) investigatory records, including hand-written notes and final drafts; 3) reports on evidentiary and/or scientific information, findings, and conclusions; 4) plea agreements of co-defendants; 5) charging documents; 6) classifications of the charged offenses; 7) video tapes and/or DVDs; 8) telephonic recordings; 9) computer discs and storage devices; 10)

1

computerized notepad discs; 11) photographs; and 12) all other information, data and reports of any kind not listed above and exempt by law.

Id. at 3. The FBI and USSS only now move to dismiss or, in the alternative, for summary judgment.

## II. Legal Standard

Exhaustion of administrative remedies under FOIA "is a jurisprudential doctrine that prevents judicial review if the purposes of exhaustion and the particular administrative scheme support such a bar." Kalu v. IRS, 2015 WL 4077756, at *4 (D.D.C. July 1, 2015) (quotations and citation omitted). Exhaustion under the Privacy Act, by contrast, "is a jurisdictional threshold to challenging an agency determination." Kearns v. FAA, 312 F. Supp. 3d 97, 107 (D.D.C. 2018). Since the Court looks at materials outside the pleadings, it will analyze Defendants' Motion under Rule 56 with respect to the FOIA claim, Kalu, 2015 WL 4077756, at *4, and under Rule 12(b)(1) for the Privacy Act claim. Powell v. IRS, 317 F. Supp. 3d 266, 272, 275 (D.D.C. 2018).

"FOIA cases typically and appropriately are decided on motions for summary judgment." Defs. of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); Bigwood v. U.S. Agency for Int'l Dev., 484 F. Supp. 2d 68, 73 (D.D.C. 2007). In a FOIA case, a court may grant summary judgment based solely on information provided in an agency's affidavits or declarations when they "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Larson v. Dep't of State, 565 F.3d 857, 862 (D.C. Cir. 2009) (quoting Miller v. Casey, 730 F.2d 773, 776 (D.C. Cir. 1984)). "Unlike the review of other agency action that must be

2

upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'" DOJ v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 755 (1989) (quoting 5 U.S.C. § 552(a)(4)(B)).

Under Federal Rule of Civil Procedure 12(b)(1), a plaintiff bears the burden of proving that the Court has subject-matter jurisdiction to hear his claims. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992). A court also has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13–14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987) (alteration in original)). Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens Pharm. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005); see also Venetian Casino Resort, LLC v. EEOC, 409 F.3d 359, 366 (D.C. Cir. 2005).

### III.  Analysis

Before addressing the merits, there are a few preliminary matters to clear away. First, although Plaintiff refers to the APA in his Complaint, see Compl. at 1-2, his only articulated cause of action relies on FOIA and the Privacy Act. Id. at 4. He additionally neglected to address the APA arguments raised in Defendants' Motion, further leading the Court to conclude that he does not wish to proceed under that statute. Nor could he, given his ability to obtain his sought-after relief via FOIA and the Privacy Act. See EPIC v. IRS, 261 F. Supp. 3d 1, 12

(D.D.C. 2017) (explaining that litigants cannot bring APA claim where same relief available under FOIA).

Second, Plaintiff's Opposition concedes his arguments related to the USSS. See ECF No. 19 (Amended Response) at 1, 2. All that remains, accordingly, is his request to the FBI. The Court will look separately at the exhaustion issues relating to Ball's Privacy Act and FOIA claims.

Finally, the other Defendants do not file their own dispositive motions, even though Plaintiff's request is incredibly wide ranging. According to him, it is not limited to records about himself, but appears to seek broad information about all criminal defendants. The Court leaves this for another day.

A. Privacy Act Claim

The Privacy Act provides a cause of action against an agency that refuses to comply with an individual's request for his records. See 5 U.S.C. § 552a(g)(1)(B). Before bringing such a claim in court, however, a plaintiff must submit a "Privacy Act inquiry [that is] clearly marked 'request for notification and access' and 'contain[s] a statement that it is being made under the provisions of' [the statute]." Powell v. IRS, 255 F. Supp. 3d 33, 41 (D.D.C. 2017) (quoting 31 C.F.R. § 1.26 Pt. 1, Subpt. C, App. B(3)(b)(iii)). Failure to do so is cause for dismissal because exhaustion under the Privacy Act is jurisdictional. See Stein v. SEC, 266 F. Supp. 3d 326, 336 (D.D.C. 2017); Powell, 255 F. Supp. 3d at 42 (collecting cases). Given this posture, the Court may consider materials outside the pleadings in addressing this claim without converting the motion into one for summary judgment. See Powell, 317 F. Supp. 3d at 272; Welborn v. IRS, 218 F. Supp. 3d 64, 73 (D.D.C. 2016).

Defendant correctly argues that this is what happened here. In light of the FBI's detailed declaration about how it searched in vain for the request, see Declaration of David Hardy, ¶¶ 4–5, Ball's allegation (even if verified) that he submitted the request does not satisfy the "closer scrutiny" placed on his burden to establish the Court's jurisdiction. See Powell, 317 F. Supp. 3d at 272 (citation omitted). Like in Reynolds v. DOJ, 2017 WL 1495932 (D.D.C. 2017), where the Government "offered comprehensive sworn testimony that it never received [the plaintiff's] FOIA requests" and the plaintiff responded by attaching copies of his letters and "swearing he mailed them," the Court will dismiss the Privacy Act claim because Plaintiff "does not offer proof via, *e.g.*, a certified-mail receipt or any other form of mailing that his missive[] reached [its] intended target." Id. at *2. This contrasts with Guthery v. United States, 507 F. Supp. 2d 111 (D.D.C. 2007), where the court found that a *pro se* plaintiff's proof of mailing — in the form of a certified-mail confirmation number — was enough to defeat the agency's declaration that it had never received his administrative claim for purposes of dismissal or summary judgment. Id. at 116–17.

B. FOIA Claim

The analysis under FOIA is essentially the same. "There is no dispute that '[a] FOIA requester is generally required to exhaust administrative appeal remedies before seeking judicial redress.'" Coss v. U.S. DOJ, 98 F. Supp. 3d 28, 35 (D.D.C. 2015) (quoting CREW v. FEC, 711 F.3d 180, 184 (D.C. Cir. 2013)). Again, as Plaintiff offers no evidence beyond his own say-so, the Court can conclude on summary judgment that his claim to have mailed the request to the FBI is defeated by the Bureau's sworn declaration that it was not received. See Pinson v. U.S. DOJ, 69 F. Supp. 3d 108, 114 (D.D.C. 2014) (collecting cases); see also Powell, 317 F. Supp. 3d at 280 (holding that plaintiff's claim of requesting certain records failed to establish genuine

5

dispute as to agency's receipt, in light of agency declaration stating it had no record of request). Plaintiff is, of course, free to file the identical request and resubmit it to the FBI, which will then trigger a Bureau response. As there is little prejudice in requiring resubmission and as the Court does not hold FOIA trials on the parties' credibility on this threshold issue, it believes that this is thus the wisest resolution of such a dispute.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion. A separate Order consistent with this Opinion will issue this day.

/s/ James E. Boasberg  
JAMES E. BOASBERG  
United States District Judge

Date: March 6, 2020