UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM B. BALL,<br><br>    Plaintiff,<br><br>        v.<br><br>U.S. MARSHAL SERVICE, *et al.*,<br><br>    Defendants. | Civil Action No. 19-1230 (JEB) |

**MEMORANDUM OPINION**

*Pro se* Plaintiff William B. Ball, currently serving a federal sentence in Florida, brought this Freedom of Information Act suit regarding requests for documents about his criminal case that he submitted to several federal agencies. The Court previously dismissed two Government Defendants and now grants the remaining Defendants' Motion for Summary Judgment. That Motion contends that the agencies' search was adequate and the exemptions relied on appropriate. Particularly given that Ball never responded to the Motion, the Court will agree.

**I.    Background**

Ball initially sued the U.S. Marshal Service, the Department of Homeland Security, the U.S. Secret Service, the Federal Bureau of Investigation, and the Office of Intelligence and Analysis in the Treasury Department. See ECF No. 1 (Complaint). He sought to enforce his request to those entities for the following documents:

> 1) Arrest reports; 2) investigatory records, including hand-written notes and final drafts; 3) reports on evidentiary and/or scientific information, findings, and conclusions; 4) plea agreements of co-defendants; 5) charging documents; 6) classifications of the charged offenses; 7) video tapes and/or DVDs; 8) telephonic recordings; 9) computer discs and storage devices; 10) 2 computerized notepad

1

> discs; 11) photographs; and 12) all other information, data and reports of any kind not listed above and exempt by law.

Id. at 3. The Court subsequently granted the USSS and FBI's motion to dismiss, see ECF Nos. 22 (Order), 23 (Mem. Op.), leaving USMS, DHS, and Treasury, which now seek summary judgment. See ECF No. 30 (Def. MSJ). Although the Court granted Ball no fewer than four extensions of his deadline to respond, he has still failed to do so. See Minute Orders of 7/28/20, 9/4/20, 10/26/20, 12/2/20.

## II.     Legal Standard

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "[A] dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim. Liberty Lobby, Inc., 477 U.S. at 248.

"FOIA cases typically and appropriately are decided on motions for summary judgment." Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); Bigwood v. United States Agency for Int'l Dev., 484 F. Supp. 2d 68, 73 (D.D.C. 2007). A defendant agency seeking summary judgment in a FOIA case must demonstrate that no material facts are in dispute, that it has conducted an adequate search for responsive records, and that each responsive record that it has located has been produced to the plaintiff or is exempt from disclosure. See Students Against Genocide v. Dep't of State, 257 F.3d 828, 833, 838 (D.C. Cir. 2001). The Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations if they "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within

the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations "are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" SafeCard Servs., Inc. v. Sec. & Exch. Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. Cent. Intelligence Agency, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### III. Analysis

FOIA provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . , shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). Consistent with this statutory mandate, federal courts have jurisdiction to order the production of records that an agency improperly withholds. See 5 U.S.C. § 552(a)(4)(B); U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 755 (1989). "Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary and capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'" Reporters Comm., 489 U.S. at 755 (quoting 5 U.S.C. § 552(a)(4)(B)). "At all times courts must bear in mind that FOIA mandates a 'strong presumption in favor of disclosure . . . .'" Nat'l Ass'n of Home Builders v. Norton, 309 F.3d 26, 32 (D.C. Cir. 2002) (quoting U.S. Dep't of State v. Ray, 502 U.S. 164, 173 (1991)).

Defendants move for summary judgment, asserting that their respective searches were adequate, their exemptions properly applied, and their segregation of responsive materials appropriate. Although Ball never responded, the Court cannot grant summary judgment as

conceded and will thus briefly touch on each of the Government's arguments.  See Winston & Strawn, LLP v. McLean, 843 F.3d 503, 506–08. (D.C. Cir. 2016)

    A. Adequacy of Search

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990)); accord Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994).  "[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate."  Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

The adequacy of an agency's search for documents requested under FOIA "is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case." Id.  To meet its burden, the agency may submit affidavits or declarations that explain the scope and method of its search "in reasonable detail." Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982). Absent contrary evidence, such affidavits or declarations are sufficient to show that an agency complied with FOIA.  See id.  On the other hand, if the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." Truitt, 897 F.2d at 542.

The three agencies that remain — *i.e.*, DHS, USMS, and Treasury — each conducted searches. See MSJ at 5–7.  DHS, in fact, tasked two different components with looking for responsive documents.  Id. at 5–6.  That agency and USMS recovered materials; only Treasury came up empty.  The explanations of the searches are sufficient here, id. at 5–7 (citing relevant declarations), especially where Plaintiff offers no challenge.

4

B. Exemptions

The next question is whether the agencies' withholdings are justified. Congress exempted nine categories of documents from FOIA's broad sweep. "[T]he statutory exemptions, which are exclusive, are to be 'narrowly construed.'" Norton, 309 F.3d at 32 (quoting Dep't of Air Force v. Rose, 425 U.S. 352, 361 (1976)). The Government here relies on Exemptions 3, 6, 7(C), and 7(E) to justify those documents that it withheld in full and in part.

To begin, Exemption 3 covers records "specifically exempted from disclosure by statute" provided that such statute either "(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3)(A). The Federal Victim and Witness Protection Act, 18 U.S.C.§ 3509(d), falls into the latter category because it sets forth specific criteria for withholding information concerning a child who is a victim of physical or sexual abuse. See Rodriguez v. Dep't of Army, 31 F. Supp. 3d 218, 236–37 (D.D.C. 2014). The statute prohibits the Government from disclosing documents in connection with a criminal proceeding that reveal "the name or any other information concerning a child," as well as information in those documents "that concerns a child." 18 U.S.C. § 3509(d)(1)(A). Here DHS "withheld names and other information about child victims and witnesses." MSJ at 8. Its explanation of why this was appropriate in regard to child-pornography materials strikes the Court as appropriate and is not challenged.

Similarly, the Government redacted "names and other personally identifiable information of law enforcement officers and other government officials involved in the criminal investigation of Plaintiff," as well as "personally identifiable information relating to third parties, including relatives and suspected associates of Plaintiff," claiming withholding was proper under

Exemptions 6 and 7(C).  Id. at 9.  Exemption 7(C) allows the withholding of "records or information compiled for law enforcement purposes . . . to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."  It governs here (rather than Exemption 6) because the documents were compiled for law-enforcement purposes.  See 5 U.S.C. § 552(b)(7)(C); id. § 552(b)(6).  This exemption requires agencies and reviewing courts to "balance the privacy interests that would be compromised by disclosure against the public interest in release of the requested information."  Beck v. Dep't of Justice, 997 F.2d 1489, 1491 (D.C. Cir. 1993) (quoting Davis v. U.S. Dep't of Justice, 968 F.2d 1276, 1281 (D.C. Cir. 1992)).

       The Court finds the privacy interests here substantial, a decision consistent with D.C. Circuit law.  As it relates to the private citizens, for example, "third parties who may be mentioned in investigatory files, as well as . . . witnesses and informants who provided information during the course of an investigation," have a privacy interest in the contents of law-enforcement records.  Nation Mag., Wash. Bureau v. U.S. Customs Serv., 71 F.3d 885, 894 (D.C. Cir. 1995); see also Kimberlin v. Dep't of Justice, 139 F.3d 944, 949 (D.C. Cir. 1998) ("It goes almost without saying . . . that individuals other than [the target of the investigation] whose names appear in the file retain a strong privacy interest in not being associated with an investigation . . . .").  The same is true for government officials involved in the investigation.  See Lesar v. U.S. Dep't of Justice, 636 F.2d 472, 487–88 (D.C. Cir. 1980).  Defendants have sufficiently explained (without contradiction) why this personally identifying information should remain private and is not outweighed by any public need to know.  These redactions are thus also proper.

Finally, Exemption 7(E) authorizes the Government to withhold records and documents if, *inter alia*, they were "compiled for law enforcement purposes," provided that their publication "would disclose techniques and procedures for law enforcement investigations or prosecutions." 5 U.S.C. § 552(b)(7)(E). "USMS and [DHS] both relied on this exemption to withhold internal codes and identification numbers, including Plaintiff's FBI number and Federal Identification number and ICE's internal Case Number and Report of Investigation." MSJ at 17. This is reasonable. See Rojas-Vega v. ICE, 302 F. Supp. 3d 300, 310 (D.D.C. 2018) (holding that Defendant properly invoked Exemption 7(E) for "internal URLs, case numbers, case categories, subject identification numbers, case identification numbers, and internal identifying codes and departure statuses"). In addition, the agency redacted "material that [provides] details of how ICE conducts a criminal investigation involving an undercover agent." MSJ at 19. That decision is also entirely unobjectionable.

    C.  Segregability

Last, FOIA requires that an agency disclose any reasonably segregable portions of requested records. See 5 U.S.C. § 552(b). Although the government is "entitled to a presumption that [it] complied with the obligation to disclose reasonably segregable material," Hodge v. FBI, 703 F.3d 575, 582 (D.C. Cir. 2013) (alteration in original) (citation omitted), this presumption of compliance does not obviate its obligation to carry its evidentiary burden and fully explain its decisions on segregability. See Mead Data Cent., Inc. v. U.S. Dep't of Air Force, 566 F.2d 242, 261 (D.C. Cir. 1977). The agency must provide "a detailed justification and not just conclusory statements to demonstrate that all reasonably segregable information has been released." Valfells v. CIA, 717 F. Supp. 2d 110, 120 (D.D.C. 2010) (internal quotation marks omitted); see also Armstrong v. Exec. Off. of the President, 97 F.3d 575, 578 (D.C. Cir.

7

1996) (determining Government affidavits explained nonsegregability of documents with "reasonable specificity") (citation omitted).

Defendants here explain that "USMS and ICE conducted a line-by-line review of the responsive records to identify information exempt from disclosure or for which a discretionary waiver of exemption could be applied." MSJ at 21 (citations omitted). The Court has no basis to conclude that more should have been disclosed.

## IV.     Conclusion

For the foregoing reasons, the Court will issue an Order granting summary judgment to Defendants.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  January 26, 2021